On Application for Rehearing.
En Banc.
PER CURIAM.
In the application for rehearing filed on behalf of the defendants-appellees, able counsel suggests, inter alia, that this court was in error in stating that Mr. Lacombe, the defendant bank’s cashier, did not remember whether he had typed the pledge notation on the back of the note before or after Mrs. Scallan had endorsed it.
We have re-read the testimony in question (Tr. 71-72). Since it occurred in the midst of examination concerning the pledge notation, we assumed that Mr. Lacombe’s testimony concerning certain “notations” on the promissory notes did refer to the pledge notation, the signing of which (it is urged) estops Mrs. Scallan from urging the invalidity of the collateral mortgage on her property. However, careful study of this unclear testimony indicates that the defendants-appellees may be correct in their contention that such testimony of the cashier refers rather to uncertainty as to when certain notations were made by Mr. Scallan on the pledged mortgage notes extending their maturity.
Nevertheless, Mr. Lalonde was never asked, nor did he testify, specifically whether the pledge notation in question had been typed on the note by him before Mrs. Scallan signed it, instead of after the note was returned to him already endorsed by this lady. In view of Mrs. Scallan’s positive denial that this notation was on the back of the promissory note at the time she signed it, and since her testimony is not denied as to this important fact, our conclusion remains unchanged that, as a factual matter, the preponderance of the evidence shows that the pledge notation was not on the back of the promissory note at the time' Mrs. Scallan signed it.
We have disposed of all other contentions raised by the application for rehearing. Accordingly, it is
Denied.